UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN DARBY MCDONALD,

                Plaintiff,

    v.

SARA KARIKO, et al.,

                Defendant.

Case No. C19-1998-RSL-MAT

ORDER REGARDING MOTION FOR RECUSAL

      This is a 42 U.S.C. § 1983 prisoner civil rights action.  Plaintiff Steven Darby McDonald moves to recuse the undersigned. Dkt. 73. The basis for plaintiff's motion is somewhat unclear but appears to relate to the undersigned's December 4, 2020, order granting defendants' motion for sanctions and striking various of plaintiff's filings. *Id.*

## BACKGROUND

      Plaintiff commenced this §1983 civil rights action in December 2019, alleging, among other things, that defendants' treatment of his medical conditions violated his constitutional rights. On September 23, 2020, plaintiff filed a motion for preliminary injunction and a response to a motion for extension filed by defendants. Dkts. 39-43. Defendants filed a motion for sanctions based upon plaintiff's use of racist language toward his prior attorney in those filings. Dkt. 43. By

ORDER REGARDING MOTION FOR
RECUSAL - 1

order dated December 4, 2020, the Court granted defendants' motion for sanctions in part and

struck several of plaintiff's filings. Dkt. 66. The Court's order stated, in relevant part:

> Federal courts possess inherent authority to "fashion an appropriate sanction for conduct [that] abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, __ U.S. __, 137 S.Ct. 1178, 1186, 197 L.Ed.2d 585 (2017). This inherent authority includes the ability to impose sanctions with a finding of "bad faith or conduct tantamount to bad faith[,]" *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001), and applies to parties proceeding pro se, *see, e.g., Johnson v. Wang*, C16-1738-JLR, 2018 WL 3656260 at *2 (W.D. Wash. Aug. 2, 2018) ("The court does not simply disregard a party's *pro se* status when considering sanctions, because a *pro se* party 'should not be allowed to willfully and in bad faith interfere with the court's ability to manage its docket and resolve litigation expeditiously[.]'") (quoted and cited cases omitted). The Court's inherent power to control its docket includes the power to strike an item from the docket as a sanction for litigation conduct. *Ready Transportation, Inc. v. 4AR Manufacturing, Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). The Local Civil Rules (LCR) prohibit "prejudice and bias in any form" both inside and outside the courtroom and call for fair and equal treatment of all participants in the court process. LCR 1(d). "The duty to be respectful of others includes the responsibility to avoid comment or behavior that can reasonably be interpreted as manifesting prejudice or bias toward another on the basis of categories such as gender, race, ethnicity, religion, disability, age, or sexual orientation." *Id.*
>
> In his filings, plaintiff repeatedly runs afoul of the duty to be respectful and the prohibition on bias and prejudice through the use of a racially derogatory term for his former counsel, Darryl Parker, and his personal attacks on and accusations against counsel for defendants, Assistant Attorney General Timothy Feulner. (*See, e.g.*, Dkt. 39 at 1 ("Maybe it [was] sent [] to the attorney he fired after finding out that he and Mr. Feulner were in cahoots with each other. His attorney was Darryl 'Buckwheat' Parker."); Dkt. 41 at 1, 4 ("He had to fire Buckwheat Barker, after he discovered both he and Feulner were working together."; "This information is relevant to show why [plaintiff] fired Darryl Parker for colluding with Feulner to sabotage this case. Buckwheat knew better, but did so anyway."); Dkt. 44 at 4, 6 ("This is like Mr. Parker telling the plaintiff that Mr. Feulner is a sissified fruitcake and pencil neck beta-fairy, and plaintiff is filing suit in Mr. Feulner's behalf."; "Moreover, Feulner is jealous that Buckwheat gave the plaintiff his own personal cell phone number."); Dkt. 47 at 3-4 ("Mr. Feulner is the one who is personally responsible for the current tenor of today's black lives matter. If it was not for people like him, and his white privilege, northern democrats would not of brought slavery into existence, due to the sins of his forefathers, he must be held accountable[.]"; "Feulner is no longer 'allowed' to oppress the black. Now, he has chosen another 'enemy', terminally ill white people who have a shaved head, who he can claim are KKK or Nazis, even though he has no, none, ever [security threat group (STG)] affiliations."))
>
> Plaintiff's contention the term he used in relation to Mr. Parker has no racial overtones and refers to a famous jazz musician is not supported and not credible. (*See* Dkt. 51.) Nor is this the first occasion on which plaintiff has faced sanctions for the content of his court filings or other abusive practices. (Dkt. 52, Ex. 1 (*McDonald v. Edwards*, C13-0222-SAB, slip op. (Dkt. 123) (E.D. Wash. Sep. 18, 2014) (dismissing complaint and denying pending motions to compel upon finding motive in pursuing case suspect and noting requests for irrelevant and inadmissible evidence and pleadings "filled with fanatical, outlandish, and farfetched allegations")), and Ex. 2 (*McDonald v. Lauren*, C17-5013-RBL, slip op. (Dkt. 98) (W.D. Wash. Dec. 21, 2017) (noting prior warning to "refrain

from name-calling and personal attacks," and striking document "calling members of the Department of Corrections 'Sex Freeks [sic],' a 'Dope Fiend,' a 'Horn Dog,' as well as Nazis and member of the KKK.")))." Defendants request that the Court, at minimum, sanction plaintiff by striking documents containing offensive language and admonish plaintiff not to engage in such behavior in the future. They also suggest a small monetary sanction in the amount of $25.00 given the fact plaintiff has been sanctioned in the past for abusive filings.

Defendants' Motion for Sanctions (Dkt. 43) is GRANTED in part and DENIED in part. The Court agrees sanctions are warranted, but declines to enter a monetary sanction in light of plaintiff's medical condition and his representation he is not functionally normally due to pain from cancer and associated treatment. The Clerk is directed to STRIKE from the docket (or otherwise document as stricken) plaintiff's response to defendants' motion for extension of time and "notification he has no idea what counsel is talking about, and that he has less than 6 months to live" (Dkt. 39), the accompanying declaration (Dkt. 40), the reply to motion for sanctions (Dkt. 44), and addendum to plaintiff's reply to motion for sanctions (Dkt. 47). Although plaintiff's motion for a preliminary injunction also contains inappropriate and sanctionable language (*see* Dkt. 41), the Court declines to strike that motion or any related filings in the interest of resolving the issues raised on the merits.

**Plaintiff is further prohibited from filing documents with the Court containing offensive language, name-calling, or personal attacks. If plaintiff fails to comply with this directive or other applicable rules, the Court may strike and decline to consider non-compliant documents, including those raising issues on the merits, and may order additional sanctions, including monetary sanctions and/or a recommendation of dismissal**.

Dkt. 66.

In the instant motion plaintiff seeks recusal on the grounds that the undersigned's ruling demonstrates "overt bias towards pro se DOC inmates who have the skinny on the DOC, that they have hired NAZI's, KK members sex freeks [sic], and that the Plaintiff has accessed press releases saying these things verbatim [...]" Dkt. 73.

## DISCUSSION

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify herself in any proceeding in which her impartiality "might reasonably be questioned." A federal judge also shall disqualify herself in circumstances where she has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144:

ORDER REGARDING MOTION FOR
RECUSAL - 3

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id*. at 555.

The United States District Court for the Western District of Washington Local Civil Rule, LCR 3(f) additionally provides that:

> Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily. If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee. If the motion is directed at the chief judge, or if the chief judge or the chief judge's designee is unavailable, the clerk shall refer it to the active judge with the highest seniority.

In the Court's December 4, 2020, order, the undersigned granted defendants' motion for sanctions based upon plaintiff's repeated use in his filings of a racially derogatory term for his former counsel, and his personal attacks on and accusations against counsel for defendants. Dkt.

66. The Court also noted that plaintiff had also faced sanctions in prior cases for the content of his court filings or other abusive practices. *Id.* Plaintiff argues that the undersigned's ruling demonstrates "overt bias towards pro se DOC inmates who have the skinny on the DOC[.]" But the Court's ruling is supported by the record and is not reflective of any bias towards plaintiff. This Court makes rulings in each case based upon the issues presented by the parties or upon *sua sponte* review by the Court. The undersigned has no personal bias or reason to be partial to one side or the other in this matter. The undersigned finds no reason to recuse herself voluntarily from this case and declines to do so.

## CONCLUSION

There is no reasonable basis for a voluntary recusal in this instance. However, plaintiff's motion shall be referred to the Chief Judge for a determination of its merits. Local Rules W.D. Wash. 3(e). Accordingly, it is hereby **ORDERED** that the undersigned **DECLINES** to recuse voluntarily. Plaintiff's motion for recusal of the undersigned is **REFERRED** to Chief Judge Ricardo Martinez for decision and the Clerk of the Court is directed to place the motion for the recusal of the undersigned on Judge Martinez's motion calendar.

The Clerk is directed to send copies of this order to the parties and to the Honorable Robert S. Lasnik.

Dated this <u>19th</u> day of January, 2020.

Mary Alice Theiler
United States Magistrate Judge

ORDER REGARDING MOTION FOR
RECUSAL - 5