UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN DARBY MCDONALD,<br><br>Plaintiff,<br><br>v.<br><br>SARA KARIKO, MD, *et al.*,<br><br>Defendants. | CASE NO. C19-1998 RSL-MAT<br><br>ORDER AFFIRMING ORDER DENYING AND REFERRING MOTION TO RECUSE |

This matter is before the Court for review of an order by the Honorable Mary Alice Theiler, United States Magistrate Judge, denying Plaintiff's request that she voluntarily recuse herself. Dkt. #84; Local Rules W.D. Wash. LCR 3(f) (order denying voluntary judicial recusal referred to the Chief Judge). Having reviewed the matter, the Court affirms Judge Theiler's order.

Plaintiff's original motion for recusal is difficult to follow but appears to take issue with Judge Theiler's December 4, 2020 order striking several of Plaintiff's filings. *See* Dkt. #73. As the Court understands, Defendants filed a motion for sanctions because Plaintiff continued to file court documents with abusive language in direct violation of this Court's local rule requiring the avoidance of prejudice and bias on the basis of gender, race, ethnicity, religion, disability, age, or sexual orientation. Dkt. #66 at 2–3 (referencing Local Rules W.D. Wash. LCR 1(d); Dkt. #43).

ORDER – 1

1  As a sanction for the abusive conduct, Judge Theiler struck the majority of Plaintiff's filings
2  exhibiting prejudice and bias. *Id.* at 4 (striking four filings but expressly leaving a motion for
3  preliminary injunction—also containing inappropriate and sanctionable language—pending for
4  resolution on the merits).

5  Plaintiff's motion for recusal argued that Judge Theiler's sanctioning of Plaintiff
6  exhibited bias such that she must recuse herself from hearing this matter. Dkt. #73 at 1.
7  Specifically, Plaintiff argued that Judge Theiler exhibited "overt bias towards pro se DOC
8  inmates who have the skinny on the DOC, that they hired NAZI's, KKK members sex freeks
9  [sic], and that the Plaintiff has accessed press releases saying these things verbatim, and they
10 appear in court cases" before state and federal courts. *Id.* In apparent support, Plaintiff points to
11 several documents that he filed in support of these allegations in a prior action before this Court.
12 Dkt. #73 at 2–3 (referencing *McDonald v. Lauren*, C17-5013-RBL, Dkt. #75 (Nov. 5, 2017 W.D.
13 Wash.) (subsequently sealed by Court order)).[1] But whatever the intent of the argument, it is at
14 best a smokescreen. Judge Theiler's December 4, 2020 order focused on specific language that
15 Plaintiff used in specific filings before Judge Theiler. Dkt. #66 at 2–3 (citing specific instances
16 at issue); Dkt. #43 (Defendants citing to specific instances where Plaintiff used prejudiced and
17 biased language). Contrary to Plaintiff's apparent argument, Judge Theiler's order was not based
18 on the broad allegations Plaintiff has made in other cases. Rather, Judge Theiler's December 4,
19 2020 order was based on the evidence and arguments presented to her in this case. *See* Dkt. #66.

20 A "judge of the United States shall disqualify [herself] in any proceeding in which [her]
21 impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also* 28 U.S.C. § 144.
22 This includes circumstances where the judge has "a personal bias or prejudice concerning a party,

---

[1] There is no indication that Judge Theiler was involved, in any manner, in Plaintiff's prior case.

ORDER – 2

or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Recusal is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

Plaintiff's unfocused arguments for recusal do not establish bias or prejudice.[2] Judge Theiler's order sanctioning Plaintiff was clear in identifying Plaintiff's offending conduct, explaining why that conduct was not permitted, and why an appropriate sanction would be striking Plaintiff's offending filings from the record. Plaintiff disagrees with Judge Theiler's decision, but he does not point to anything in her order or otherwise to objectively demonstrate any bias or prejudice. Importantly, Judge Theiler's judicial actions within the confines of this case do not establish bias. *See Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source."). "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).

Accordingly, and for the reasons set forth above, the Court finds and ORDERS that Judge Theiler's order declining to disqualify herself (Dkt. #84) is AFFIRMED.

DATED this 27th day of January, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff also filed a response to Judge Theiler's order declining his request that she recuse herself. Dkt. #89. Plaintiff's filing lacks a basis in the rules and the Court need not consider it. Even if the Court did, the filing would not change the Court's reasoning or conclusions.

ORDER – 3