UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN DARBY MCDONALD,

               Plaintiff,

    v.

SARA KARIKO, et al.,

               Defendant.

Case No. C19-1998-RSL-MAT

ORDER ON MISCELLANEOUS MOTIONS

This is a 42 U.S.C. § 1983 prisoner civil rights action. This order addresses several motions now pending in this matter (Dkts. 69, 74, 75, 77).[1] Having considered those motions, any documents filed in support and opposition, and the remainder of the record, the Court finds and concludes as follows:

**(1) Motion for Extension/Request to File Overlength Response Brief (Dkts. 69, 74)**

On November 20, 2020, defendants filed a motion for summary judgment. Dkt. 58. On December 9, 2020, plaintiff moved for a sixty (60) day extension of time to file a response to defendants' motion for summary judgment. Dkt. 69. Plaintiff alleged he had been locked in his

---

[1] Plaintiff's other pending motions (Motion to Appoint Counsel, Dkt. 76, Second Motion for Preliminary Injunction, Dkt. 78, and Motion to Hold Law Librarian in Contempt of Court Dkt. 93) will be addressed separately.

ORDER ON MISCELLANEOUS
MOTIONS - 1

room since November 18, 2020, due to a COVID-19 outbreak and that he had been unable to access the law library to work on his response to defendants' motion. *Id.* Defendants filed a response in which they indicated they did not oppose plaintiff's request for an extension. Dkt. 70.

On December 16, 2020, plaintiff filed a response to defendants' motion for summary judgment, but it is unclear whether this document was intended as plaintiff's complete response or whether it was filed out of concern for missing the Court's deadline. Plaintiff states in his response that he is filing it "without receipt of any discovery exhibits from the Defendants" due to his prior counsel's "withholding of the Court's April 2020 Discovery Order" and that due to COVID-19 he has had no access to any legal materials or the legal computer. Dkt. 71. On December 30, 2020, plaintiff moved for a "one page extension of reply motion" in which he appears to ask the Court to accept his previously filed overlength response brief (his brief consisted of 25 pages, one page over the 24 page limit). Dkt. 74.

Plaintiff's motion requesting that the Court accept his previously filed overlength response brief (Dkt. 74) is GRANTED. Furthermore, because it appears that the document plaintiff filed may not constitute his complete response to defendants' motion for summary judgment, plaintiff's motion for extension of time to respond to that motion (Dkt. 69) is also GRANTED. On or before **March 16, 2021,**[2] **plaintiff shall either file an amended response to defendants' motion for summary judgment or advise the Court that he intends to stand on the response already**

---

[2] The Court notes that plaintiff requested a sixty-day extension on December 9, 2020. However, shortly thereafter plaintiff also filed a motion requesting recusal of the undersigned from this proceeding (Dkt. 73). The Court refrained from ruling on plaintiff's motion for extension, as well as other pending motions, until plaintiff's motion requesting recusal was resolved. Plaintiff's motion requesting recusal was denied on January 27, 2021 (Dkt. 90). Plaintiff also indicates in his motion requesting appointment of counsel (Dkt. 76) (discussed in more detail below) that his facility has continued to be on quarantine due to COVID-19 restrictions, and that this has continued to limit his ability to access the law library and conduct legal research. Under the circumstances, the Court will allow plaintiff until March 16, 2021, to file any amended response to defendants' motion for summary judgment.

ORDER ON MISCELLANEOUS
MOTIONS - 2

**submitted** (Dkt. 71). **Plaintiff is advised that if he files an amended response it will constitute a complete replacement for his original response**. As such, plaintiff's amended response should include all of the arguments and evidence he intends to include in responding to defendants' motion for summary judgment. **The Clerk is directed to re-note defendants' motion for summary judgment (Dkt. 58) to March 26, 2021**.

**(2) Motion for Order to Produce Document (Dkt. 75)**

Plaintiff seeks an order from this Court directing the defendants to produce a document plaintiff filed in a different action, *McDonald v. Lauren*, 17-cv-5013-RBL.[3] Dkt. 75. Defendants oppose this request. Dkt. 79. Plaintiff appears to argue that this document will somehow demonstrate that the Court was incorrect in its prior ruling in which it granted defendants' motion for sanctions against plaintiff in part and struck several of plaintiff's filings.

The Court previously granted defendants' motion for sanctions in part finding that, in his filings, plaintiff "repeatedly runs afoul of the duty to be respectful and the prohibition on bias and prejudice through the use of a racially derogatory term for his former counsel, Darryl Parker, and his personal attacks on and accusations against counsel for defendants, Assistant Attorney General Timothy Feulner." Dkt. 66. The Court cited to several specific examples supporting this finding. *Id.* Plaintiff fails to adequately explain, nor can the Court comprehend, how a document plaintiff filed in an entirely different action would alter the Court's conclusions regarding plaintiff's use of a racially derogatory term against his prior attorney or the specific personal attacks against defense counsel cited by the Court in his filings in *this* action. Further, the document plaintiff seeks does not appear to be the subject of a discovery request in this action and plaintiff fails to identify a

---

[3] The Court notes that the document plaintiff references in that other action (Dkt. 75) was stricken from the docket.

ORDER ON MISCELLANEOUS
MOTIONS - 3

basis for the Court to require the defendants to produce a document that plaintiff filed in an entirely different action.

Accordingly, plaintiff's motion (Dkt. 75) is DENIED.

**(3) Motion/Request for Leave to File Over-length Motion for Preliminary Injunction (Dkt. 77)**

Plaintiff also moves for leave to file an over-length brief in support of his motion for preliminary injunction. Plaintiff's motion (Dkt. 77) is GRANTED.

**(4) Motion/Request for Recusal of Magistrate Judge**

The Court notes that plaintiff's motion seeking recusal of the undersigned was resolved by Judge Martinez's order dated January 27, 2021 (Dkt. 90). Accordingly, the Clerk is directed to terminate the motion designation on the docket (Dkt. 73).

**(5) Conclusion**

To summarize:

- Plaintiff's motion for an extension of time to respond to defendants' motion for summary judgment (Dkt. 69), plaintiff's "motion for leave to file one-page extension to reply" (Dkt. 74), and plaintiff's motion to file an overlength motion for preliminary injunction (Dkt. 77), are GRANTED.

- **On or before March 16, 2021**, **plaintiff shall either file an amended response to defendants' motion for summary judgment or advise the Court that he intends to stand on the response already submitted** (Dkt. 71).

- **The Clerk is directed to re-note defendants' motion for summary judgment (Dkt. 58) to March 26, 2021**.

- Plaintiff's motion for an order to produce document (Dkt. 75) is DENIED.

ORDER ON MISCELLANEOUS
MOTIONS - 4

- The Clerk is directed to terminate the motion designation for plaintiff's motion/request for recusal of magistrate judge (Dkt. 73).

The Clerk is directed to send copies of this order to the parties and to the Honorable Robert S. Lasnik.

Dated this 3rd day of February, 2021.

Mary Alice Theiler
United States Magistrate Judge

ORDER ON MISCELLANEOUS
MOTIONS - 5