UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN DARBY MCDONALD,

    Plaintiff,

 v.

SARA KARIKO, et al.,

    Defendant.

Case No. C19-01998-RSL-SKV

ORDER DENYING MOTION FOR COUNSEL AND RE-NOTING MOTION FOR SUMMARY JUDGMENT

  This is a 42 U.S.C. § 1983 prisoner civil rights action. Currently before the Court is Plaintiff's Motion to Appoint Counsel. Dkt. 76. Defendants oppose Plaintiff's motion. Dkt. 81.

  Generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). In certain "exceptional circumstances," the Court may request the voluntary assistance of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Neither factor is dispositive, and they must be viewed together before reaching a decision on a request for counsel. *Id.*

Plaintiff argues that the Court should appoint counsel due to his medical condition and the COVID-19 lockdown restrictions at his facility. Dkt. 76.

Considering both the likelihood of success on the merits and Plaintiff's ability to articulate his claims *pro se* in light of the complexity of the relevant legal issues, the Court concludes that Plaintiff does not establish exceptional circumstances at this time. Plaintiff fails to demonstrate that he is likely to succeed on the merits of his claims at this point. Plaintiff offers little argument and points to no evidence in support of his Motion to Appoint Counsel sufficient to demonstrate that he is likely to succeed on the merits of the claims raised in his Amended Complaint, nor is the Court able to conclude on the current record at this point in the litigation that Plaintiff is, in fact, likely to succeed.[1]

Furthermore, Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*, despite his imprisonment, lack of knowledge of the law, and medical condition. Plaintiff contends he is in pain due to his medical condition and, as a result, has difficulty remembering times, facts, and dates, and difficulty properly comprehending the Court's orders and the requirements for meeting specific rules like Summary Judgment and Preliminary Injunction rules. Dkt. 76, at 1-3. While it appears Plaintiff's medical condition is serious, he presents no evidence in support of this motion that it has substantially affected his ability to litigate his case at this point. Despite his medical condition, Plaintiff has filed numerous motions and responses in this case *pro se* which demonstrate he is able to sufficiently articulate his arguments and requests for relief and is capable of understanding and substantially complying with court rules.

---

[1] The Court notes that Defendants have filed a Motion for Summary Judgment seeking dismissal of all of Plaintiff's claims which is currently pending. Dkt. 58.

ORDER DENYING MOTION FOR COUNSEL
AND RE-NOTING MOTION FOR SUMMARY
JUDGMENT - 2

*See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (where *pro se* civil rights plaintiff shows a good grasp of basic litigation procedure and has been able to articulate claims adequately, he does not demonstrate exceptional circumstances required for appointment of counsel).

Plaintiff also argues he requires appointment of counsel because, at the time he filed his motion[2], his facility was on lockdown due to COVID-19 restrictions and his ability to access the law library was limited. Dkt. 76, at 3. However, in part due to these alleged restrictions, the Court has been flexible in extending deadlines in this case to allow Plaintiff additional time to prepare his Court filings and, as noted below, will allow Plaintiff an additional extension to file an amended response to Defendants' pending Motion for Summary Judgment.[3] *See, e.g.*, Dkt. 98, 110. The Court also notes that in one of Plaintiff's subsequent filings in late January 2021, he appears to acknowledge that the facility had been taken off lockdown, and that some level of access to the law library had been restored. Dkt. 91, at 5. Furthermore, since filing the instant motion, Plaintiff has also filed several other motions, including a new request for preliminary injunctive relief, which tends to indicate that he continues to be capable of prosecuting this action *pro se. See, e.g.*, Dkts. 78, 93, 94, 96. Accordingly, Plaintiff fails to demonstrate appointment of counsel is necessary on this basis at this time.[4]

---

[2] The Court notes that Plaintiff's motion was filed in January 2021 but was subsequently stricken from the Court's motion calendar during the pendency of Plaintiff's appeal of a separate order in this case. Dkts. 84, 90, 102, 106. Upon dismissal of Plaintiff's appeal, the motion was restored to the calendar and re-noted for consideration. Dkt. 110.

[3] The Court notes that Plaintiff was afforded substantial additional time, until April 19, 2021, to file an amended response to Defendants' Motion for Summary Judgment but that, to date, Plaintiff has not done so nor did he seek a further extension of time to do so. Dkts. 98, 110.

[4] The Court also notes that Plaintiff had previously obtained private counsel in this case from February 2020 until July 2020. In July 2020, Plaintiff's Motion to Substitute Attorney was granted, permitting retained counsel to withdraw and Plaintiff to proceed *pro se*. Dkts. 17, 33.

ORDER DENYING MOTION FOR COUNSEL
AND RE-NOTING MOTION FOR SUMMARY
JUDGMENT - 3

Accordingly, the Court DENIES Plaintiff's Motion to Appoint Counsel (Dkt. 76) without prejudice. However, in light of the Court's denial of Plaintiff's request for counsel, the Court will allow Plaintiff one more extension of time, until **June 25, 2021**, to file an amended response to Defendants' Motion for Summary Judgment (Dkt. 58) or advise the Court that he intends to stand on the response already submitted (Dkt. 71). The Clerk is directed to re-note Defendants' Motion for Summary Judgment (Dkt. 58) to **July 2, 2021**.

The Clerk is directed to send copies of this order to the parties and to the Honorable Robert S. Lasnik.

Dated this 26th day of May, 2021.

                                                                                    S. KATE VAUGHAN
                                                                                    United States Magistrate Judge