UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN DARBY MCDONALD,

           Plaintiff,

   v.

SARA KARIKO, et al.,

           Defendant.

Case No. C19-01998-RSL-SKV

REPORT AND RECOMMENDATION

INTRODUCTION

Plaintiff proceeds pro se and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action. He alleges deliberate indifference to his serious medical needs in violation of the Eighth Amendment and retaliation in violation of the First Amendment, and names as defendants the Chief Medical Officer for the Department of Corrections (DOC), a number of medical providers at Monroe Correctional Complex (MCC), and two MCC grievance coordinators. Dkt. 12.

Currently pending before the Court are Plaintiff's Second Motion for a Preliminary Injunction (Dkt. 78), Plaintiff's Motion to Hold Law Librarian in Contempt of Court (Dkt. 93), Plaintiff's Motion/Request for Some Time to Have his Appendix Section Returned (Dkt. 94), and Plaintiff's Request to Comply with Counsel's Demand to Produce "Proof" of Wrongdoing

REPORT AND RECOMMENDATION - 1

Under Rule 34 (Dkt. 96).[1] Defendants have responded to the motions. Dkts. 85, 97, 104. Now, having considered the motions, responses, documents filed in support and opposition, and the remainder of the record, the Court recommends that Plaintiff's Second Motion for a Preliminary Injunction (Dkt. 78), Plaintiff's Motion to Hold Law Librarian in Contempt of Court (Dkt. 93), Plaintiff's Motion/Request for Some Time to Have his Appendix Section Returned (Dkt. 94), and Plaintiff's Request to Comply with Counsel's Demand to Produce "Proof" of Wrongdoing Under Rule 34 (Dkt. 96) be DENIED.

## BACKGROUND AND RELEVANT PROCEDURAL HISTORY

*A.   Relevant Medical and Treatment History and Allegations of Amended Complaint*

Plaintiff entered DOC custody on his current conviction in 1997. Dkt. 49, Ex. 1. He is serving a sentence of life without parole and is designated a close custody inmate. *Id*. Plaintiff had Hepatitis C prior to 1997. *See id*., Ex. 2 at 17. Medical records during his custody show an extensive history of medical issues and treatment, including unsuccessful interferon treatment, successful treatment and clearing of the virus through medication in 2015, and periodic ultrasounds and CT scans of his abdomen. *See id*. at 17-23.

Plaintiff filed the current lawsuit in December 2019, while confined at MCC. Dkt. 1. Plaintiff's Amended Complaint, filed on January 17, 2020, names several Defendant MCC medical providers, the Chief Medical Officer of DOC, and two MCC grievance coordinators. *Id.* Plaintiff alleges Defendants violated his Eighth Amendment Rights by failing to properly diagnose and/or treat his medical conditions including cirrhosis, abdominal pain, bile duct issues, and cancer, during the time he was confined at MCC. *Id.* He further alleges several Defendants engaged in acts of retaliation against him (including delaying or denying medical treatment and

---

[1] Defendants Motion for Summary Judgment (Dkt. 58) is also pending and will be addressed in a separate Report and Recommendation.

REPORT AND RECOMMENDATION - 2

manufacturing unfounded infractions) in violation of his First Amendment Rights in response to various grievances, complaints and a website he created raising allegations related to his medical treatment. *Id.* As relief, Plaintiff's Amended Complaint seeks one million dollars in damages, appointment of a Special Master to investigate medical abuse within DOC facilities and systemic suffering, and that Defendants be ordered to "send Plaintiff to U of W Hepatology, perform diagnostic testing, provide pain management, diet and medical cell." Dkt. 12, at 9.

Findings just prior and subsequent to the filing of Plaintiff's complaint include, *inter alia*, a November 23, 2019, CT scan detecting a mass on his liver, a December 30, 2019, MRI showing no suspicious intrahepatic observation, and an April 20, 2020 MRCP showing a markedly increased mass on the liver. Dkt. 49, Ex. 2 at 22-30. On April 23, 2020, Plaintiff had a consultation scheduled with an oncologist, but terminated the appointment after the doctor advised he would be managing Plaintiff's suspected liver cancer, not his pain medication. *Id.*, at 31. In a May 13, 2020, virtual consultation, an oncologist assessed probable hepatocellular carcinoma consistent with a medical history of hepatitis and found Plaintiff was not a candidate for transplant given the tumor size and not an ideal surgical candidate given the severity of his cirrhosis. *Id.*, at 33.

The DOC transferred Plaintiff to Washington State Penitentiary (WSP) in Walla Walla, Washington in June 2020. *Id.*, Ex. 1 at 8. In a July 13, 2020, consultation, an oncologist observed Plaintiff's health had declined, including weight loss and increased right upper quadrant pain, despite taking oxycodone and tramadol for pain. *Id.*, at 33, 36. In late August 2020, the DOC transferred Plaintiff to Airway Heights Corrections Center (AHCC) in Spokane, Washington based on medical needs. *Id.*, Ex. 1 at 8.

Beginning in early October 2020, AHCC housed Plaintiff in its infirmary unit. Dkt. 49, Ex. 1 at 4, 7. He was being seen weekly by a non-defendant DOC provider, working with an oncologist for treatment of his cancer, and continued to receive pain medications. *Id.*, Ex. 2 at 43-56. Providers recommended a nerve block, ablation, and Y90 procedures to address his pain, increased the dosing and altered the timing of prescribed oxycodone and oxycontin, and consulted with a pain specialist who suggested consideration of nonopioid therapies including gabapentin/pregabalin and tricyclic antidepressants. *Id.*, at 43-46, 49, 54. Records reflect consideration of a wide range of pain medications and that Plaintiff's pain management had been difficult, with "agitated behavior especially in abusive language with nursing, recurrent refusals of medication and treatment, multiple kites with full page writings, and apparently his experience with pain management prior to [AHCC] and prior to diagnosis." *Id.*, at 48, 50-56.

Defendants have produced evidence indicating that in October 2020, Plaintiff refused a nerve ablation procedure that was recommended by an oncologist. Dkt. 62, at 6. Defendants' evidence also reflects that in late October 2020, Plaintiff underwent the first step in the Y90 procedure but subsequently refused to undergo the second part of the procedure. Dkt. 62, at 8, 89; Dkt. 60-1, at 153-154. Thereafter, Plaintiff was transferred back to WSP in late October 2020. Immediately prior to his transfer from AHCC, Plaintiff indicates he was being prescribed 90 mg oxycodone, 50 mg oxycontin and 1.5 mg Ativan daily. Dkt. 78, at 15. Upon being transferred back to WSP, Plaintiff's new medical provider PA-C Reyes stopped prescribing oxycontin but continued prescribing 90 mg of oxycodone per day. Dkt. 57; Dkt. 60-1, at 168. Medical records produced by Defendants indicating that PA-C Reyes stopped prescribing oxycontin, after a discussion with Plaintiff, in part based upon Plaintiff's previous statements to his providers that oxycontin was not effective and that he had been refusing that medication. Dkt.

REPORT AND RECOMMENDATION - 4

60-1, at 167; Dkt. 72, Ex. 2, at 1-2. Defendants also produce medical records indicating that WSP providers had not observed objective indications of pain by Plaintiff and expressing concern regarding increasing Plaintiff's pain medication beyond 90 mg of oxycodone, noting that Plaintiff was already at 135 MME (Morphine Milligram Equivalents) and that a high MME could lead to respiratory depression. Dkt. 86-1, at 3.

B.  *Relevant Procedural History, First Motion for Preliminary Injunction, Motion to Recuse, Appeal, and Current Pending Motions*

In September 2020, while he was confined in the segregation unit ("SMU") at AHCC, Plaintiff filed his first Motion for Preliminary Injunction seeking pain medication to treat his cancer, access to legal materials, proper housing and diet, access to a pain specialist, and appointment of a dispute resolution specialist. Dkt. 41. On December 7, 2020, the Hon. Mary Alice Theiler issued a Report and Recommendation recommending that Plaintiff's first Motion for Preliminary Injunction be denied, noting in part that, he "fails to identify a named defendant allegedly deliberately indifferent in relation to the injunctive relief requested. The events at issue in [P]laintiff's motion all took place after [P]laintiff's transfer away from MCC and Plaintiff does not set forth facts showing the involvement of Dr. Kariko, the only named defendant not located at MCC."  Dkt. 67, at 9. On December 16, 2020, Plaintiff filed a Motion/Request for Recusal of Magistrate Judge, asking that Judge Theiler be removed from the case. Dkt. 73. On January 5, 2021, Plaintiff filed his Second Motion for Preliminary Injunction. Dkt. 78. Plaintiff never objected to the Report and Recommendation recommending that his first Motion for Preliminary Injunction be denied. On January 19, 2021, Judge Theiler declined to voluntarily recuse herself from the matter and referred Plaintiff's Motion/Request for Recusal of Magistrate Judge to Chief Judge Ricardo Martinez. Dkt. 84. On January 27, 2021, Chief Judge Martinez affirmed Judge Theiler's order declining to disqualify or recuse herself. Dkt. 90.

REPORT AND RECOMMENDATION - 5

On January 28, 2021, Plaintiff filed a Motion to Hold Law Librarian in Contempt of Court. Dkt. 93. On February 3, 2021, Plaintiff filed a Motion/Request for Some Time to Have his Appendix Section Returned (Dkt. 94) and a Motion/Request to Comply with Counsel's Demand to Produce "Proof" of Wrongdoing Under Rule 34 (Dkt. 96). On February 10, 2021, Plaintiff filed a Notice of Appeal with the Ninth Circuit challenging Chief Judge Martinez's order affirming Judge Theiler's order declining to voluntarily recuse. Dkt. 102. On February 17, 2021, the Hon. Robert S. Lasnik adopted Judge Theiler's Report and Recommendation denying Plaintiff's first Motion for Preliminary Injunction. Dkt. 105. On February 23, 2021, Judge Theiler issued an order stating that it would be inappropriate to rule on Plaintiff's pending motions during the pendency of Plaintiff's appeal of Chief Judge Martinez's order and struck the pending motions from the motion calendar. Dkt. 106. On March 11, 2021, the Court of Appeals dismissed Plaintiff's appeal. Dkt. 108. Plaintiff's motions were subsequently restored to the calendar and re-noted for consideration. Dkt. 110.

In his Second Motion for Preliminary Injunction, Plaintiff argues that his current providers at WSP, and in particular PA-C Reyes, have changed his pain medication regimen from 90 mg oxycodone, 50 mg oxycontin and 1.5 mg Ativan daily prescribed at AHCC to 90 mg of oxycodone. Dkt. 78. Plaintiff alleges that since the change his pain has increased. *Id.* Plaintiff makes clear that the only relief he is seeking in his Second Motion for Preliminary Injunction is an increase or change in the pain medication he is currently receiving at WSP. Dkt. 78, at 5. He seeks either restoration of the oxycontin he was previously receiving at AHCC in addition to 30 mg of Tramadol, or that he be prescribe a different combination of medications. Dkt. 78, at 14-15. Defendants oppose Plaintiff's motion arguing, in part, that Plaintiff's current providers, whose actions Plaintiff challenges in his Second Motion for Preliminary Injunction, are non-

REPORT AND RECOMMENDATION - 6

1  defendant medical providers at a different facility, not the named Defendants involved in his

2  treatment at MCC, and that Plaintiff fails to show he is entitled to a preliminary injunctive relief.

3  Dkt. 85, at 11-12. Defendants also note in their response that a few of the exhibit pages attached

4  to Plaintiff's motion are illegible due, it appears, to the scanner failing to pick up some of the

5  lighter handwriting on the exhibits. *Id.*, at 6.

6  In his Motion to Hold Law Librarian in Contempt of Court, Plaintiff seeks to hold the

7  WSP Law Librarian, Lisa Mora, and the Assistant Attorney General (AAG) Timothy J. Feulner

8  in contempt due to the fact that a few of the exhibit pages submitted in support of his Second

9  Motion for Preliminary Injunction are illegible. Dkt. 85. Plaintiff appears to argue that this was a

10  deliberate attempt by the non-defendants WSP Law Librarian and AAG Feulner to sabotage or

11  prevent him from prosecuting his case. *Id.* Defendants oppose the motion arguing that Plaintiff's

12  allegations are unsupported and that he has set forth no basis for non-defendants Lisa Mora and

13  AAG Feulner to be held in contempt. Dkt. 97.

14  In his Motion/Request for Some Time to Have his Appendix Section Returned, Plaintiff

15  seeks additional time to obtain the originals of the exhibits he submitted in support of his Second

16  Motion for Preliminary Injunction (which he indicates he sent outside of the prison) so that he

17  can re-send the exhibit pages that are illegible. Dkt. 94. Defendants indicate they are not opposed

18  to allowing Plaintiff additional time to resubmit the exhibit pages if the Court deems it

19  appropriate. Dkt. 104.

20  In his Motion/Request to Comply with Counsel's Demand to Produce "Proof" of

21  Wrongdoing Under Rule 34, Plaintiff asks the Court to direct Defendants to provide him with

22  certain documents he alleges would support some of the allegations made in his Second Motion

23

for Preliminary Injunction or refute some of Defendants' arguments in response to that motion. Dkt. 96. Defendants oppose the motion as untimely and improper. Dkt. 104.

## DISCUSSION

A.  *Motion for Preliminary Injunction*

Under the Prison Litigation Reform Act ("PLRA"),

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give it substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect . . . principles of comity . . . in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).

To obtain preliminary injunctive relief, plaintiff must demonstrate: (1) the likelihood of success on the merits; (2) the likelihood of suffering irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In the alternative, "'if a plaintiff can only show that there are serious questions going to the merits – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the balance of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied.'" *Alliance for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (quoted sources omitted).

The purpose of preliminary injunctive relief is to preserve the positions of the parties until a trial on the merits can be held. *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is, however, "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Mazurek v.*

REPORT AND RECOMMENDATION - 8

*Armstrong*, 520 U.S. 968, 972 (1997) (quoted source omitted; emphasis added by Supreme Court); *See also Winter*, 555 U.S. at 24 ("A preliminary injunction is an extraordinary remedy never awarded as of right.").

A district court has no authority to grant relief in the form of a temporary restraining order or preliminary injunction where it has no jurisdiction over the parties. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969). *See also Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); Fed. R. Civ. P. 65(d)(2) (providing that a preliminary injunction binds only parties; the parties' officers, agents, servants, employees, and attorneys; and other persons who are in active concert or participation with them); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of district court jurisdiction, without which the court is powerless to proceed to an adjudication."); *Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K.*, 757 F.2d 1058, 1061 (9th Cir. 1985) (vacating district court's order granting preliminary injunction for lack of personal jurisdiction). *Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *Garrett v. Macomber*, No. 216CV1336KJMACP, 2019 WL 6271832, at *2 (E.D. Cal. Nov. 25, 2019), *report and recommendation adopted*, No. 216CV1336KJMACP, 2020 WL 230025 (E.D. Cal. Jan. 15, 2020).

Furthermore, a preliminary injunction is only intended to give intermediate relief of the same character that will be granted should the party seeking the injunction succeed on the

underlying claims. *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945); *Pacific Radiation Oncology, LLC v. Queen's Medical Center,* 810 F.3d 631, 636 (9th Cir. 2015). Thus, a district court lacks authority to grant injunctive relief to address matters that have no relationship or nexus to the claims set forth in the underlying complaint. *Pacific Radiation Oncology,* 810 F.3d at 635-638*; Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam).

In his Second Motion for Preliminary Injunction Plaintiff seeks relief based on the alleged conduct of non-defendant WSP medical staff, specifically identifying PA-C Reyes and Dr. Frauerphes. Dkt. 78. Specifically, Plaintiff appears to take issue with the type and level of pain medications he has been prescribed by non-defendant medical providers at WSP beginning in or around October 28, 2020. Dkt. 78, at 5, 11. However, because the court lacks jurisdiction over the non-defendant WSP medical providers Plaintiff identifies, the Court is unable to grant Plaintiff's request for injunctive relief.[2]

Plaintiff's motion fails to identify a named Defendant allegedly deliberately indifferent in relation to the injunctive relief requested. Plaintiff alleges no facts, beyond speculation, to indicate that any of the named Defendants are aware of or in any way involved with making decisions regarding Plaintiff's current medical treatment, including the prescription of pain medications at WSP. Rather, with the exception of DOC Chief Medical Officer Sara Kariko, all of the named Defendants are or were employed at MCC and were involved with Plaintiff's medical care at that facility, not at WSP.[3] Plaintiff also alleges no facts in his motion, and points

---

[2] The Court notes that Plaintiff indicates in his motion that he intends to file a separate action against his providers at WSP, PA-C Reyes and Dr. Frauerphes, related to his care there. Dkt. 78, at 4-5, 25.

[3] The Court notes that Plaintiff makes some generalized assertions that the named Defendants are participating in his care through weekly cancer tracker meetings and that his current provider, PA-C Reyes, is denying Plaintiff pain medication because he is being "told by his controllers." Dkt. 78, at 7, 17.

REPORT AND RECOMMENDATION - 10

to no evidence in the record, showing the involvement, much less deliberate indifference, of Dr. Kariko, the only named defendant not located at MCC, with respect to prescribing and managing Plaintiff's pain medication regimen at WSP.

Accordingly, Plaintiff's Second Motion for Preliminary Injunction (Dkt. 78) should be DENIED.

B.  *Plaintiff's Motion to Hold Law Librarian in Contempt of Court*

Plaintiff also moves to hold in contempt non-defendants WSP Law Librarian Lisa Mora and the Assistant Attorney General representing Defendants in this case, AAG Feulner. Dkt. 93. Plaintiff's motion appears to be, in part, a response to Defendants' statement in their response to Plaintiff's Second Motion for Preliminary Injunction, that some of the exhibit pages submitted in support of that motion were illegible. Plaintiff alleges Ms. Mora and AAG Feulner are "deliberately working together to sabotage Plaintiff's legal filings to this Court by deliberately improperly scanning them to make them unreadable, by not ever providing a copy of his NEFs […] and altering the contents of his motions." Dkt. 93, at 1.

"A district court has the power to adjudge in civil contempt any person who willfully disobeys a specific and definite order of the court." *Gifford v. Heckler*, 741 F.2d 263, 265 (9th Cir. 1984). Civil contempt consists of a party's disobedience to "a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (internal citations and quotation marks omitted). The disobeyed order that serves as the basis for a finding of civil

---

But Plaintiff fails to present any non-speculative evidence to support these assertions. Plaintiff also asserts generally that the named Defendants are also on the Care Review Committee (CRC) panels involved in making decisions regarding his pain medication. *Id.*, at 7. But, again, Plaintiff points to no recent CRC decision on this issue, nor does he present any evidence that any of the named Defendants were involved in these decisions or voted for a specific CRC decision related to his pain medication regimen at WSP.

REPORT AND RECOMMENDATION - 11

contempt must be clear in its commands. *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989) (stating that court order must be "specific and definite"). To succeed on a motion for civil contempt, the moving party must "show by clear and convincing evidence that [the nonmoving party] violated the [court order] beyond substantial compliance, and that the violation was not based on a good faith and reasonable interpretation of the [order]." *Wolfard Glassblowing Co. v. Vanbragt*, 118 F.3d 1320, 1322 (9th Cir. 1997).

Plaintiff shows no basis for an order of contempt against these two non-defendants as he points to no Court order being violated nor does he otherwise explain the basis upon which these non-defendants would be subject to a finding of contempt. Plaintiff also alleges no facts to support his allegation that these non-defendants intentionally scanned his exhibit pages illegibly rather than it being the product of a technical error in the scanning process. Nor has Plaintiff alleged facts to support his other generalized allegations that these non-defendants are intentionally altering the contents of his motions or otherwise intentionally interfering with the filing process.[4] Accordingly, Plaintiff's motion (Dkt. 93) should be DENIED.[5]

C.    *Plaintiff's Motion/Request for Some Time to Have his Appendix Section Returned*

Because the Court does not reach the substantive arguments underlying Plaintiff's Second Motion for Preliminary Injunction, the illegible exhibits submitted in support of

---

[4] The Court notes that Plaintiff also complains that he has not received some of the Notices of Electronic Filing (NEFs) for documents he has filed in this case and that he is having difficulty tracking what he has filed. Dkt. 93. In order to alleviate any confusion, the Court will direct the Clerk to provide Plaintiff with a copy of the docket sheet in this case by separate Minute Order.

[5] The Court notes that Plaintiff makes additional allegations for the first time in his reply regarding difficulty transporting himself to the law library due to his illness and appears to request some additional assistance with the filing process. Dkt. 100. Because these allegations are raised for the first time in reply the Court declines to address them. However, if Plaintiff continues to experience difficulties in this respect, he may raise the issue, if appropriate, by separate motion.

REPORT AND RECOMMENDATION - 12

Plaintiff's motion are not relevant to the Court's determination of the motion.[6] [7] Accordingly, Plaintiff's request to resubmit certain exhibits in support is effectively moot and the Court recommends that his motion (Dkt. 94) be DENIED.

D.  *Plaintiff's Request to Comply with Counsel's Demand to Produce "Proof" of Wrongdoing Under Rule 34*

In his Motion/Request to Comply with Counsel's Demand to Produce "Proof" of Wrongdoing Under Rule 34, Plaintiff asks the Court to direct Defendants to provide him with certain documents he alleges would support some of the allegations made in his Second Motion for Preliminary Injunction or refute some of Defendants' arguments in response to that motion. Dkt. 96. Defendants oppose the motion. Dkt. 104.

Plaintiff's motion appears to either be a request for discovery through the Court or a request for the Court to compel Defendants to provide discovery. However, Plaintiff's motion is untimely as the discovery deadline expired several months ago. *See* Dkt. 29. Furthermore, Pursuant to Local Civil Rule (LCR) 5(d): "Rule 26 initial disclosures and discovery requests and responses ***must not be filed*** unless they are used in the proceedings or the court orders filing." LCR 5(d) (emphasis added). Accordingly, to the extent Plaintiff is seeking to conduct discovery by serving his discovery requests through the Court, such a request is improper.

Moreover, to the extent Plaintiff is seeking to compel discovery, Fed. R. Civ. P. 37(a) provides, in relevant part:

On notice to other parties and all affected persons, a party may move for an order

---

[6] The Court notes that only two of the exhibit pages submitted in support of Plaintiff's Second Motion for Preliminary Injunction are illegible. *See* Dkt. 78-1, at 18 and 35 (designated by Plaintiff as pages 14 and 28 of his exhibits). Both pages appear to be Health Services Kites submitted by Plaintiff and the Court cannot conceive of a way in which these documents would affect the Court's analysis or recommendation that Plaintiff's Second Motion for Preliminary Injunction be denied.

[7] For this same reason, Defendant's request to strike certain statements in Plaintiff's Second Motion for Preliminary Injunction raised in Defendants' response to that Motion need not be addressed. *See* Dkt. 85, at 3-6.

> compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Similarly, Local Civil Rule (LCR) 37 provides, in relevant part:

> Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference.

LCR 37.

It does not appear the Plaintiff has previously served these discovery requests on Defendants, nor does he certify in his motion that he has complied with the meet and confer requirement.[8]

Accordingly, Plaintiff's Motion/Request to Comply with Counsel's Demand to Produce "Proof" of Wrongdoing Under Rule 34 (Dkt. 96) should be DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiff's Second Motion for a Preliminary Injunction (Dkt. 78), Plaintiff's Motion to Hold Law Librarian in Contempt of Court (Dkt. 93), Plaintiff's Motion/Request for Some Time to Have his Appendix Section Returned (Dkt. 94), and Plaintiff's Motion/Request to Comply with Counsel's Demand to Produce "Proof" of Wrongdoing Under Rule 34 (Dkt. 96), should be DENIED. A proposed order accompanies this Report and Recommendation.

//

//

---

[8] The Court also notes that some of the information Plaintiff appears to be requesting pertains to individuals who are not named as Defendants.

REPORT AND RECOMMENDATION - 14

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 18, 2021**.

Dated this 26th day of May, 2021.

*[signature: S. Kate Vaughan]*

S. KATE VAUGHAN
United States Magistrate Judge