1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN DARBY MCDONALD,

              Plaintiff,

       v.

SARA KARIKO, et al.,

              Defendants.

Case No. C19-1998RSL

ORDER GRANTING
PLAINTIFF'S MOTION TO
DISMISS

This matter comes before the Court on plaintiff's motion to dismiss (Dkt. # 115).[1] Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), a plaintiff may dismiss "an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). One defendant, Marquetta Washington, has not answered or moved for summary judgment. Thus, plaintiff has a right to voluntarily dismiss her through his filing. The remaining defendants, however, are represented by Assistant Attorney General Timothy Feulner, and they have answered and moved for summary judgment. Dkts. # 28, # 58. No stipulation of dismissal by all parties has been submitted to the Court. Therefore, a court order is required for dismissal of these other defendants (hereinafter the

---

[1] The Court finds this matter suitable for disposition without oral argument.

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS - 1

1  "represented defendants"). <u>See</u> Fed. R. Civ. P. 41(a)(2) ("Except as provided in Rule 41(a)(1),

2  an action may be dismissed at the plaintiff's request only by court order, on terms that the court

3  considers proper.").

4      "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2)[]

5  unless a defendant can show that it will suffer some plain legal prejudice as a result." <u>Smith v.</u>

6  <u>Lenches</u>, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice is prejudice to "some legal interest,

7  some legal claim, [or] some legal argument." <u>Westlands Water Dist. v. United States</u>, 100 F.3d

8  94, 97 (9th Cir. 1996). Mere "[u]ncertainty because a dispute remains unresolved" or because

9  "the threat of future litigation . . . causes uncertainty" does not constitute plain legal prejudice,

10  nor does the expense incurred in defending against a lawsuit. <u>Id.</u> at 96–97. Courts may consider

11  whether a party has been dilatory in seeking voluntary dismissal. <u>BP West Coast Prods. LLC v.</u>

12  <u>SKR Inc.</u>, 989 F. Supp. 2d 1109, 1116 (W.D. Wash. 2013); <u>see</u> <u>Westlands Water Dist.</u>, 100 F.3d

13  at 97 (analyzing whether plaintiffs were dilatory in filing their motion for voluntary dismissal).

14  Courts may also consider whether a party is seeking voluntary dismissal to avoid a "near-certain

15  adverse ruling." <u>Maxum Indemnification Ins. Co. v. A-1 All Am. Roofing Co.</u>, 299 F. App'x

16  664, 666 (9th Cir. 2008) (unpublished) (citing <u>Terrovona v. Kincheloe</u>, 852 F.2d 424, 429 (9th

17  Cir. 1988) (finding no abuse of discretion where the district court declined to exercise its

18  discretion to dismiss a petition under Fed. R. Civ. P. 41(a)(2) where the magistrate judge had

19  already issued a report and recommendation)). The analysis regarding plain legal prejudice,

20  however, does not turn on whether plaintiff's litigation inconvenienced defendants, or on

21  whether plaintiff would gain a "tactical advantage" by dismissal. <u>Smith</u>, 263 F.3d at 976. The

22  analysis turns on the "rights and defenses available to a defendant in future litigation," e.g., loss

23  of a federal forum, the right to a jury trial, or a statute-of-limitations defense. <u>Westlands Water</u>

24  <u>Dist.</u>, 100 F.3d at 97.

25      The represented defendants argue that the Court should deny the motion because they

26  will suffer plain legal prejudice. Dkt. # 124 at 3. To support their argument, the represented

27  defendants point to the following circumstances: they have litigated the case for over a year and

28  responded to numerous motions by plaintiff, they have a pending motion for summary judgment

1   to which plaintiff has only partially responded,[2] and plaintiff does not present a reasonable basis

2   for seeking dismissal. Dkt. # 124 at 3. Plaintiff did not file a reply. The Court issued an Order

3   directing defendants to submit supplemental briefing addressing plaintiff's health status, among

4   other things, and the Court directed plaintiff to address "the issue of potential prejudice" to

5   represented defendants and "whether dismissal with prejudice would be appropriate," to the

6   extent the represented defendants' supplemental briefing maintained the position that the Court

7   should dismiss the action with prejudice. Dkt. # 127 at 5. The represented defendants'

8   supplemental briefing maintained this position, Dkt. # 130 at 9, but the two filings that plaintiff

9   submitted after the Court's Order predated the represented defendants' supplemental briefing

10  and did not directly address the question of prejudice.[3] See generally Dkts. # 128, # 129.

11       Although the Court is sympathetic to the represented defendants' frustration with

12  plaintiff's litigation of this matter, the Court finds that the represented defendants have not

13  demonstrated plain legal prejudice. The represented defendants' main argument appears to be

14  that they have been inconvenienced by having litigated this case for more than a year, and

15  plaintiff "gives the appearance that this motion is strategic and is intended to give him another

16  chance to litigate the same claims." Dkt. # 130 at 8. Unfortunately for the represented

17  defendants, the mere threat of future litigation does not constitute plain legal prejudice,

18  Westlands Water Dist., 100 F.3d at 96, nor does the inconvenience to defendants and potential

19  "tactical advantage" of dismissal, Smith, 263 F.3d at 976. The represented defendants also

20  contend that plaintiff's explanation for dismissal is insufficient, but "there is no requirement in

21  this Circuit that a plaintiff explain its reasons for seeking dismissal." Edstrom v. NDEX West,

22  LLC, No. CIV S-10-cv-0105 KJM-CKD, 2012 WL 4092420, at *2 n.3 (E.D. Cal. Sept. 17,

23  2012). And the Court does not find plaintiff's behavior dilatory where he has been suffering

24

25       [2] On December 16, 2020, plaintiff filed a partial response to the represented defendants' motion
26  for summary judgment, Dkt. # 71, and plaintiff has since been given additional time to respond. Dkts.
    # 98, # 110, # 118, # 127.
27
         [3] Notably, plaintiff's second filing discussed his release from DOC custody. Dkt. # 129; see Dkt.
28  # 131-1 at 2 (documenting his release from DOC custody).

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS - 3

from various health problems and litigating pro se from prison during a pandemic. See, e.g., Dkt. # 131-1 at 4–6 (medical records reflecting plaintiff's recent medical history); Dkt. # 58 at 10–14 (defendants' summary of plaintiff's medical history).

To the extent that the represented defendants intend to suggest that their pending summary judgment motion cuts in favor of establishing plain legal prejudice because plaintiff is trying to avoid a "near-certain adverse ruling," Maxum Indemnification Ins. Co., 299 F. App'x at 666, the Court finds this argument unpersuasive because plaintiff has been offered additional time to file an amended response to the summary judgment motion, Dkt. # 127 at 6, and the Court has not indicated how it would rule on the motion. This distinguishes the matter at hand from the unpublished Ninth Circuit case that the represented defendants cited, where the "district court had indicated to both parties how it planned to rule" on a pending motion, Maxum Indemnification Ins. Co., 299 F. App'x at 666, as well as the case that Maxum itself relied upon, where the magistrate judge had already issued a report and recommendation when the motion for dismissal was filed, Terrovona, 852 F.2d at 429. The magistrate judge here has not issued a report and recommendation on the represented defendants' summary judgment motion, and the outcome of the ruling is far from certain. Accordingly, the Court concludes that the represented defendants have not shown that they will suffer plain legal prejudice as a result of the Court granting plaintiff's motion.

For all of the foregoing reasons, plaintiff's motion to dismiss without prejudice (Dkt. # 115) is GRANTED and the claims against defendants are hereby DISMISSED WITHOUT PREJUDICE.

DATED this 30th day of August, 2021.


_MM S Lasnik_
Robert S. Lasnik
United States District Judge